UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKIAS GEBRENEGUSSE,

       Plaintiff                             Case No. 2:16-12804
                                                District Judge Robert Cleland
v.                                              Magistrate Judge Anthony P. Patti

DANIEL HEYNS, *et al.*,

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE (DE 16)

This matter is before the Court for consideration of the motion by *pro se* Plaintiff Mikias Gebrenegusse for alternate service of process on Defendants Sonia Warchock and Thomas Combs. (DE 16.) For the reasons that follow, Plaintiff's motion is **DENIED**.

Plaintiff brings this lawsuit under 42 U.S.C. § 1983, naming multiple Defendants in their individual capacities. Defendant Warchock is a member of the Parole Board and Defendant Combs is the former Chair of the Parole Board. (DE 1 at 4.)

According to Plaintiff's motion, he engaged H&R Process Serving Group, LLC ("H&R") to attempt service on various Defendants. The motion asserts that H&R has unsuccessfully tried three times to serve Defendant Warchock in person

and twice tried unsuccessfully to serve Defendant Combs in person.  (DE 16 at 2-3.)  Also, on November 14, 2016, H&R mistakenly gave a clerk the summons meant for Defendant Warchock to someone who was supposedly authorized to accept service for Defendant Combs.  (*Id.* at 3.)[1]  The motion then states that "[f]ollowing that error the defendant Thomas Combs via Amy Moore litigation coordinator via registered mail has returned service and complaint."  (*Id.*)

Fed. R. Civ. P. 4(e) provides in relevant part that "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ."  Plaintiff asks the Court for permission to serve Defendants Warchock and Combs via registered/certified mail pursuant to with MCR 2.105(A), which provides in relevant part that "[p]rocess may be served on a resident or nonresident individual by . . . (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee."

---

[1] The record contains what purports to be a return of service for Defendant Combs, which states service was executed on November 14, 2016 by providing a copy of the summons and Complaint with someone named Jamie Myers.  (DE 11.)  Presumably, H&R gave the summons meant for Warchock to Myers, who was accepting on behalf of Combs.

Plaintiff's motion is not ripe, as Plaintiff has not actually requested alternate service, but instead has really only asked permission to follow Rule 4(e).  Plaintiff has not shown that the approved methods for service under Federal and/or Michigan law have been unsuccessful.  To the contrary, the motion indicates that Defendant Combs has already been served.  The Court will not give Plaintiff what amounts to an advisory opinion on the propriety of a particular method of service.

For the foregoing reasons, the motion for alternate service (DE 16) is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 2, 2016            s/Anthony P. Patti
                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on December 2, 2016, electronically and/or by U.S. Mail.

                                   s/Michael Williams
                                   Case Manager for the
                                   Honorable Anthony P. Patti