UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKIAS GEBRENEGUESSE,

        Plaintiff,                    Case No. 2:16-cv-12804

                                                    District Judge Robert H. Cleland

v.                                          Magistrate Judge Anthony P. Patti

DANIEL HEYNS, *et al.*,

        Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (DE 45)

This matter is before the Court for consideration of Plaintiff Mikias

Gebreneguesse's motion for leave to file a second amended complaint. (DE 45.)

For the reasons that follow, Plaintiff's Motion is **DENIED**.

## I.    BACKGROUND

### A.    Factual Background

For the purposes of this motion, I will accept the allegations in Plaintiff's

first amended complaint as true.

Plaintiff, who is proceeding without the assistance of counsel, filed his initial

complaint on July 29, 2016 and an amended complaint on October 25, 2016. (DE

1 and 4.) In his first amended complaint, Plaintiff asserts that Defendants Daniel

Heyns (Director of the State of Michigan Department of Corrections), Sonia

Warchock (former parole board member), Thomas Combs (chief of parole board), Community Programs, Inc. ("CPI"), Christin McClain (clinical supervisor of CPI), and Robert McCombs (CPI counselor) violated his constitutional rights by forcing him to undergo Residential Substance Abuse Treatment ("RSAT") during his parole. (DE 4.) On November 15, 2016, Plaintiff filed a motion to supplement his complaint to add Michael Eagan (former parole board member) as a Defendant, which the Court granted on December 8, 2016. (DE 24.)

Plaintiff pleads his case pursuant to 42 U.S.C. § 1983. He was a state prisoner from December 12, 2012 to July 30, 2013 and a parolee from July 30, 2013 to October 31, 2014. At the beginning of his incarceration, he underwent medical and psychological testing, resulting in a security assessment of Level 1, the lowest of the five possible levels. (DE 4 at ¶¶ 8 and 18.) He also received a recommendation to undergo substance abuse education, but not treatment. (Id. at ¶ 19.)

Plaintiff's imprisonment in a Level 1 facility was generally acceptable to him. He was allowed off-grounds for work details, could participate in recreation fourteen hours per day, had access to the general and law libraries seven days per week, and had "uncontrolled movement" throughout the facility. (DE 4 at ¶¶ 20-21.) In January of 2013, Defendants Eagan and Warchock signed Plaintiff's parole decision. Some of the conditions of his parole required him to "complete

theprogram.drc—Sober Living" and to "reside in/at upon your release to parole.drc—Sober Living."  (Id. at ¶ 25.)

Plaintiff was processed for release on July 30, 2013 and expected to return to his community.  In his processing documents, however, there was a notation that he would have to attend the Residential Substance Abuse Treatment ("RSAT"), and was "required to sign a parole order" agreeing to the same.  (DE 4 at ¶¶ 31-32.) After signing, he was transported by the MDOC to the Detroit Reentry Center and, according to him, treated as a high security prisoner.  (Id. at ¶ 36.)  Plaintiff was told that he could either sign a consent form for CPI or receive a parole violation. (Id. at ¶ 49.)  Accordingly, he signed the form, with a notation that he was doing so "under protest[.]"  (DE 4 at 25.)

Plaintiff describes the RSAT program as 36 hours of weekly therapy and unpaid job duties.  (DE 4 at ¶ 52.)  Every day began with a morning meeting, which was a "scripted[,] church like ceremony," requiring participants to clap and "scream synchronized statements."  (Id. at 54.)  He was required to be out of bed every morning by 7:00 A.M. and to follow rules about cleaning, dress, and talking. (Id. at ¶ 57.)  Participants were punished in a "time-out chair" and by being assigned to unpaid janitorial positions.

Plaintiff asserts that his remand into the RSAT, instead of being released on parole, violated his constitutional rights.  Specifically, he argues that Defendants'

actions violated his Eighth Amendment right to be free from cruel and unusual punishment, that he was deprived of his liberty without due process of law, and that he was unlawfully detained in violation of the Fourth Amendment. He seeks a declaration that Defendants' acts violated the Constitution plus monetary damages.

### B. Procedural Background

On November 17, 2016, CPI, McClain, and McCombs ("CPI Defendants") filed a motion to dismiss, to which Plaintiff timely responded. (DE 41 and 42.) Defendant Heyns filed a motion for summary judgment on December 9, 2016 and the remaining Defendants, Combs, Eagen, and Warchock, filed a motion for summary judgment on January 5, 2017. (DE 25 and 37.) Plaintiff has filed responses in opposition to both motions for summary judgment and they are presently awaiting the Court's review.

Plaintiff filed the instant motion on February 24, 2017. (DE 45.) He asks the Court for permission to amend his complaint a second time pursuant to Federal Rule of Civil Procedure 15 in order to clarify the RSAT operation and the role each Defendant played. He proposes to add claims under the First Amendment, as well as due process and equal protection claims under the Fourteenth Amendment.

Defendants oppose his motion. The CPI Defendants assert that any amendment would be futile because Plaintiff has failed to allege state action on their part. (DE 47.) The MDOC Defendants assert that Plaintiff's claims must fail

because there is no constitutional or liberty interest in parole. (R. at 46.) All Defendants ask the Court to deny Plaintiff's motion to amend and grant the pending dispositive motions to dismiss the case.

## II.  STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court. The Rule provides that the Court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 663 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

## III.  ANALYSIS

### A.  CPI

The CPI Defendants assert that Plaintiff's entire proposed amended complaint is futile as to them because he has failed to allege state action sufficient to create a cause of action pursuant to § 1983. To establish a viable claim under § 1983, a plaintiff must establish that he or she was deprived of a right "'secured by the Constitution and the laws of the United States' by one acting under color of law." *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999) (quoting *Flagg Bros.,*

*Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)). "[E]ach defendant's liability must be assessed individually based on his [or her] own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010).

In his proposed amended complaint, Plaintiff describes CPI as "the company that was subcontracted to provide mental health service RSAT during the time period Plaintiff was in DRC." (DE 45 at ¶ 9.) The proposed amended complaint contains no facts to indicate that CPI is a state actor. In his reply, he asserts that MDOC delegated a public function to CPI, thereby making its actions those of the state. (DE 50 at 3.) It is true that a private party can be viewed as a state actor for § 1983 purposes where it is performing functions "traditionally the exclusive prerogative of the State." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 353 (1974). However, this District has consistently held that CPI's function of performing substance abuse counseling "cannot plausibly be deemed an exclusive state function." *Roberts v. Paige*, No. 10-cv-13743, 2013 WL 5435201, at *7 (E.D. Mich. Sept. 27, 2013); *see also Reguli v. Guffee*, 371 F. App'x 590, 600 (6th Cir. 2010) (holding that providing counseling services is not a power reserved exclusively to the state); *Bagwell v. Cmty. Programs, Inc.*, No. 11-10796, 2011 WL 1447543, at *1 (E.D. Mich. Apr. 13, 2011) (finding that CPI did not engage in state action sufficient to state a claim under § 1983); *Blair v. Michigan Dep't of Corr.*, No. 12-cv-13661, 2012 WL 5511763, at *2 (Nov. 14, 2012) (same).

Accordingly, Plaintiff's motion to amend his complaint as to the CPI Defendants would be futile.

## B.    MDOC Defendants

Plaintiff asserts a variety of constitutional violations in his proposed amended complaint against the MDOC Defendants.  He contends that they violated his rights under the Eighth Amendment because he was unlawfully imprisoned and forced to undergo "unwarranted mental intrusions that were cruel and unusual." (DE 45 at 21, ¶ 76.)  He makes several due process claims, asserting that he was forced into mental health treatment without a hearing or notice, and was forced to "learn and adopt vain philosophies" without due process.  (Id. at 22 and 27, ¶¶ 82 and 108.)  He maintains that Defendants violated his rights under the First Amendment in a variety of ways: 1) by forcing him to believe in and proclaim a higher power; 2) by forcing him to believe he could not find happiness within himself; and 3) when they forbade him from singing or rapping.  He posits that his Fourth Amendment rights were violated when he was intentionally restricted to the residential treatment facility while on parole.  Finally, he makes an equal protection claim, asserting that he was deprived of equal protection when these Defendants "prevented him  from being civilly committed in accordance with Michigan law and [was] thereby unable to receive a proper and accurate mental diagnosis or the negation thereof."  (DE 45 at 27, ¶ 104.)  The MDOC Defendants

argue that any constitutional claims are futile because "the fact that Plaintiff did not agree with the conditions of his parole does not constitute a deprivation of a constitutional right for purposes of maintaining a claim under 42 U.S.C. § 1983." (DE 46 at 8.)

The Supreme Court has explained that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Turning from that general principle to the Michigan parole system specifically, the Sixth Circuit has clearly held that "the Michigan parole scheme does not create an expectation regarding parole that is sufficient to trigger a constitutionally protected liberty interest." *Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2014); *see also, e.g., Glover v. Parole Bd.*, 596 N.W. 2d 598 (Mich. 1999) (concluding that there is no liberty interest in parole for prisoners under the Michigan parole system); *Reno v. Koray*, 515 U.S. 50, 64 (1995) (concluding that time spent at a community treatment center while released on bail was not "official detention."). As such, Plaintiff's parole-based claims are insufficient to create a liberty interest, which in turn, dooms his due process claims.

Likewise, Plaintiff's Equal Protection claim is also futile. The Equal Protection Clause of the Fourteenth Amendment "protects against invidious

discrimination among similarly-situated individuals or implicating fundamental rights." *Scarborough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). "The Equal Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010). Plaintiff does not indicate what fundamental rights were implicated. Nor does he allege that he is a member of a suspect class who was treated differently from other similarly situated individuals. Accordingly, Plaintiff's request to amend his complaint to add these claims is denied. Specifically, claims 2, 7, 8, and 9 are futile as pleaded and Plaintiff's motion to amend complaint is denied as to those claims.

Further, Plaintiff's claims against Defendants Combs, Warchock, and Eagen are futile. Plaintiff identifies these Defendants as the Chairperson of the Michigan Parole Board and members of the parole board, respectively. (DE 45 at 6-8.) "Parole board members are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers." *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (internal quotation omitted). "Likewise, those who make recommendations concerning parole also enjoy absolute immunity." *Id.* Plaintiff's claims against Combs,

Warchock, and Eagan are all related to their conduct with respect to his parole. Accordingly, those individuals are entitled to absolute immunity.

Plaintiff's second amended complaint proposes to add claims under the First, Fourth, and Eighth Amendments that are not necessarily futile as pleaded. However, the only remaining Defendant against whom those claims can be asserted is Defendant Heyns. The MDOC Defendants assert that Plaintiff has failed to allege that Defendant Heyns was personally involved in any of the allegedly offending conduct.

Plaintiff pleads that Defendant Heyns "was the Director of the state of Michigan Department of Corrections," who was "legally responsible for the overall operation of the Department and each institution under its jurisdiction, including the Detroit Reentry Center." (De 45 at ¶ 5.) The only action Plaintiff alleges that Defendant Heyns took was to issue a memorandum instructing his staff to "continue to run Detroit Reentry Center as the previous prison . . . and to treat released parolees as high security prisoners[.]" (Id. at ¶ 26.) This can hardly be construed as "personal involvement" vis-à-vis Plaintiff himself or the alleged offending conduct.

As best as the Court can discern, Plaintiff attempts to allege a claim of *supervisory liability* against Defendant Heyns, by citing the directives in the memorandum that prison staff were required to follow. "[E]ach defendant's

liability must be assessed individually based on his [or her] own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010). "*Respondeat superior* or vicarious liability will not attach under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Instead, liability under § 1983 "'must be based on more than . . . the right to control employees.'" *Comstock v. McCrary*, 273 F.3d 693, 712-713 (6th Cir. 2002) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Specifically, the United States Court of Appeals for the Sixth Circuit has addressed the requirements for supervisory liability to attach under § 1983 as follows:

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official *at least implicitly authorized, approved, or knowingly acquiesced* in the unconstitutional conduct of the offending officers."

*Shehee*, 199 F.3d at 300 (quoting *Hays v. Jefferson Cnty., Ky.,* 688 F.2d 869, 874 (6th Cir. 1982) (emphasis added)). Here, Plaintiff's proposed amended complaint does not contain any facts indicating that Defendant Heyns authorized, approved, or knowingly acquiesced in any potentially unconstitutional conduct and alleges no personal involvement whatsoever. As such, the proposed amended complaint is futile as to Defendant Heyns.

## III.  CONCLUSION

In light of the foregoing, Plaintiff's attempt to amend his complaint would

be futile.  Accordingly, his motion for leave to file a second amended complaint is

**DENIED**.  (DE 45.)

**IT IS SO ORDERED.**


Dated: April 17, 2017                          s/Anthony P. Patti
                                               Anthony P. Patti
                                               UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record
on April 17, 2017, electronically and/or by U.S. Mail.

                                               s/Michael Williams
                                               Case Manager for the
                                               Honorable Anthony P. Patti