UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKIAS GEBRENEGUESSE,

       Plaintiff,

v.

DANIEL HEYNS, *et al.*,

       Defendants.

_____/

Case No. 2:16-cv-12804
District Judge Robert H. Cleland
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO GRANT THE CPI DEFENDANTS' MOTION TO DISMISS (DE 13)

**I. RECOMMENDATION**: The Court should grant the CPI Defendants' motion to dismiss because Plaintiff's complaint fails to state a claim upon which relief can be granted.

**II. REPORT**

    **A. Background**

The Court set out the factual background in this case in its Opinion and Order dated April 17, 2017. (DE 52.) I incorporate the April 17, 2017 Opinion and Order and will only set out the facts necessary to dispose of the instant motion.

For the purposes of this motion to dismiss, I will accept the allegations in Plaintiff's first amended complaint as true.[1]

Plaintiff asserts that Defendants violated his constitutional rights by forcing him into a residential substance abuse treatment ("RSAT") program while housed at the Detroit Reentry Center ("DRC") as a condition of his parole. He argues that he was never diagnosed with a mental health or substance abuse issue and therefore should not have been remanded to RSAT. He names as Defendants Dan Heyns, the Director of the State of Michigan Department of Corrections, Michael Eagen and Sonia Warchock, parole board members, and Thomas Combs, the chair of the parole board (collectively "MDOC Defendants"), along with Community Programs, Inc. ("CPI") and its employees Robert McCombs and Christin McClain/Lett (collectively "CPI Defendants").

Plaintiff describes CPI as the "company that was subcontracted to provide the mental health service . . . during the time period plaintiff was in DRC." (DE 4 at ¶ 13.) Robert McCombs was his primary counselor and Christin McClain/Lett was the clinical supervisor. Plaintiff asserts that McCombs and McClain/Lett

---

[1] Plaintiff timely filed his first amended complaint on October 25, 2016. (DE 4.) On November 15, 2016, he moved the Court for leave to file a supplemental complaint, adding Michael Eagen as a Defendant. (DE 9.) The Court granted his motion. (DE 24.) For the purposes of this Report and Recommendation, docket entries 4 and 10 will be referred to as Plaintiff's "first amended complaint." The CPI Defendants filed this motion before the Court ruled on Plaintiff's supplemental complaint, but Mr. Eagan is not a CPI Defendant and the supplemental complaint had no impact on the instant motion.

"participated in fabricating" his diagnosis, which led to him spending time at the DRC in RSAT as a condition of his parole. (Id. at ¶¶ 14-15.) According to Plaintiff, McCombs claimed that the RSAT program was voluntary, but told him that if he did not sign the consent form to attend, he would be sent back to prison. (Id. at ¶ 48-49.) On January 7, 2014, Plaintiff submitted a grievance contesting the mandatory treatment, but received a response that the issue was non-grievable because it was based on a decision made by the Parole Board. (Id. at ¶¶ 64-65.) On February 3, 2014, Plaintiff received a document signed by McCombs called a "Master Treatment Plan," which indicated that Plaintiff had been diagnosed with alcohol dependence and included treatment goals, to which Plaintiff denies agreeing.

The CPI Defendants filed the instant motion on November 17, 2017, asserting that Plaintiff's claims against them should be dismissed because Plaintiff failed to plead sufficient facts that they were acting under the color of state law. (DE 13.)[2] Plaintiff opposes the motion, contending that the CPI Defendants acted under the color of state law by performing a function traditionally reserved to the state. I will consider each of the arguments in turn.

---

[2] The CPI Defendants also initially argued that they were not properly served, but withdrew this argument on January 26, 2017. (DE 42 at 2, n. 1.)

### B. Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F. 3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482

F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### C. Discussion

#### 1. Plaintiff fails to plead that the CPI Defendants acted under the color of law.

Plaintiff brings his complaint under 42 U.S.C. § 1983 and makes three claims. First, he contends that being forced to undergo RSAT during his parole represented cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. Second, he asserts that his remand into RSAT was done without due process of law in violation of the Fourteenth Amendment. Finally, he posits that his freedom was unlawfully restricted while in RSAT, in violation of the Fourth Amendment. He asks the Court to declare that his constitutional rights were violated and to award monetary damages.

To establish a viable claim under § 1983, a plaintiff must establish that he or she was deprived of a right "'secured by the Constitution and the laws of the United States' by one acting under color of law." *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)). The CPI Defendants assert that Plaintiff has failed to plead that CPI, as a private company, and its employees, were acting under the color of state law. Plaintiff counters that CPI and its employees became state actors when the state delegated a function exclusively reserved to the state, including the provision of

5

adequate medical care to prisoners and decisions whether to grant release on parole.

A private party can be viewed as a state actor for § 1983 purposes where it is performing functions "traditionally the exclusive prerogative of the State," also referred to as the 'public function test.' *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 353 (1974); *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003). However, "[t]he public function test has been interpreted narrowly" to include "[o]nly functions like holding elections, exercising eminent domain, and operating a company owned town." *Chapman*, 319 F. 3d at 833-34.

This District has consistently held that CPI's function of performing substance abuse counseling "cannot plausibly be deemed an exclusive state function." *Roberts v. Paige*, No. 10-13743, 2013 WL 5435201, at *6-7 (E.D. Mich. Sept. 27, 2013); *see also Blair v. Michigan Dep't of Corr.*, No. 12-13661, 2012 WL 5511763, at *2 (E.D. Mich. Nov. 14, 2012); *Bagwell v. Community Programs, Inc.*, No. 11-10796, 2011 WL 1447543, at *1 (E.D. Mich. April 12, 2011). Although Plaintiff attempts to distinguish the holdings related to CPI in the other cases in this District, his argument is unavailing. He asserts that the cases are not persuasive because they involve parolees housed in community homes and not at the DRC. However, the reasoning in the cases cited by the CPI Defendants does not rely on *where* individuals were housed, but instead on *what service* CPI was

6

providing. Instead, the Court has explained that "[e]ven assuming that CPI receives state funding and/or creates an opportunity for probationers to complete a substance abuse program in lieu of prosecution or serving a sentence, this does not necessarily make it a state actor." *Blair*, 2012 WL 5511763 at *2; *see also Reno v. Koray*, 515 U.S. 50, 64 (1995) (concluding that time spent at a community treatment center while released on bail was not "official detention.").

Plaintiff's first amended complaint states that CPI and its employees provided mental health services. (DE 4 at 9, ¶¶ 13-15.) For the first time in his response, he contends that the State of Michigan has delegated the obligation to provide adequate medical care to CPI, giving it authority to determine the length of time individuals must serve and the treatment they should receive. (DE 41.) He also posits that the State of Michigan designed the treatment program and "passed [it] along to CPI to apply[.]" (Id. at 3.) He does not make similar allegations in his pleadings.[3] Instead, his new allegation that the CPI Defendants determined the length of time of his incarceration contradicts his pleadings, which state that the Michigan Parole Board, and not CPI, was "responsible for ordering mental health treatment" without his consent and for "signing the parole order that mandated mental health treatment RSAT and incarceration at the Detroit Reentry Center."

---

[3] Nor did he make such allegations about CPI's role in determining the length of time of incarceration or the State of Michigan's delegation of authority in his second proposed amended complaint, filed on February 24, 2017. (DE 45.)

7

(DE 4 at 9, ¶¶ 11-13.) In deciding the instant motion, the Court must rely on the factual assertions in Plaintiff's first amended complaint and not on the altered facts he now attempts to add as part of his response. *See Kostrzewa v. City of Troy*, 247 F. 3d 633, 643 (6th Cir. 2001) ("The district court, in reviewing a motion to dismiss, may not consider matters beyond the complaint.").

Construing Plaintiff's first amended complaint in the light most favorable to him, he also fails to allege any facts to indicate that CPI was engaged in state action under any of the three tests used by the Sixth Circuit to determine the existence of state action, namely: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test." *Chapman*, 319 F.3d at 833. As addressed above, Plaintiff does not state a claim under the public function test. Under the state compulsion test, a plaintiff states a claim where "a state exercise[s] such coercive power or provide[s] such significant encouragement, either overt, that in law the choice of the private actor is deemed to be that of the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). Plaintiff asserts that CPI falls under this test because the RSAT program was designed by the state. However, he does not make these claims in his existing or proposed amended pleadings. Moreover, he has pleaded no facts to support such a claim. Instead, he clearly *differentiates* between CPI and MDOC activity. His only substantive allegation with respect to CPI is that it was the provider of mental

8

health services.  He does not plead that the State of Michigan compelled or orchestrated those services.  Accordingly, Plaintiff cannot prevail on a theory that CPI was engaged in state action under the state compulsion test.

"Under the symbiotic or nexus test, a section 1983 claimant must demonstrate that there is a sufficiently close nexus between the government and the private party's conduct so that the conduct may be fairly attributed to the state itself."  *Chapman*, 319 F.3d at 834 (citing *Wolotsky,* 960 F.2d at 1335 and *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 (2001)).  Plaintiff attempts to argue in his response that the State of Michigan directed CPI's conduct, but alleges no facts in his first amended complaint to support such an assertion.[4]  Instead, as has been consistently held in this District, CPI and its employees are not state actors.  Accordingly, Plaintiff has failed to plead a claim upon which relief can be granted.

### 2.     In the alternative, Plaintiff has failed to plead a constitutional claim against CPI and its employees.

Plaintiff does not mention CPI or its employees specifically in any of his claims.  Instead, he asserts that "Defendants" generally acted to deny his constitutional rights under the Eighth, Fourteenth, and Fourth Amendments.  I will briefly address each of his claims in turn.

---

[4] Nor does his proposed second amended complaint, denied by the Court on April 17, 2017, cure the defect, as he alleged no facts to indicate that the State of Michigan directed the conduct of CPI or its employees.  (DE 45.)

### a. Eighth Amendment

As best as the Court can discern, Plaintiff contends that the condition of his parole that required him to undergo RSAT at the DRC represented cruel and unusual punishment in violation of the Eighth Amendment. However, he does not plead that CPI or its employees had anything to do with the conditions of his parole. Instead, he specifically pleads that those decisions were made by the parole board. (DE 4 at 10-12.) In order to state a claim under § 1983, "each defendant's liability must be assessed individually based on his [or her] own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010). Here, Plaintiff does not indicate that CPI or its employees were personally involved in any of the actions that led to his remand to DRC. Moreover, the Supreme Court has explained that "probationers do not enjoy the absolute liberty to which every citizen is entitled," *United States v. Knights*, 534 U.S. 112, 119 (2001), and "parolees enjoy even less of the average citizen's absolute liberty than do probationers." *Samson v. California*, 547 U.S. 843, 850 (2006). Requiring participation in a substance abuse program as a condition of parole is not cruel and unusual punishment in violation of the Eighth Amendment. *See, e.g., Johnson v. Owens*, 612 F. App'x 707, 718 (5th Cir. 2015) (concluding that parolee had not stated an Eighth Amendment claim where he was required to participate in therapy); *Walp v. Quarterman*, No. 3-08-cv-605, 2008 WL 5099940, at *2 (N.D. Tex. Dec. 1, 2008) ("[T]he United

States Supreme Court has never issued an opinion which holds that the Eighth Amendment can be violated by a prisoner's *release* on parole.") (emphasis in original). Accordingly, he has failed to plead an Eighth Amendment claim against the CPI Defendants.

### b. Fourteenth Amendment

Plaintiff's Fourteenth Amendment claim asserts that he was deprived of liberty without due process of law because he was remanded to treatment without a hearing. Again, Plaintiff does not indicate that the CPI Defendants were personally involved in any decision related to the condition of his parole, including the decision to house him at DRC while he completed his treatment program. Plaintiff has failed to plead a due process claim against the CPI Defendants.

### c. Fourth Amendment

Finally, Plaintiff argues that he was unlawfully detained at DRC in violation of his Fourth Amendment rights. He does not plead how the CPI Defendants were involved in such a detention. As noted above, he attributes these decisions solely to the Michigan Parole Board and has failed to state a claim upon which relief can be granted against the CPI Defendants.

### D. Conclusion

In sum, Plaintiff has failed to state a claim upon which relief can be granted against the CPI Defendants. I therefore recommend that the Court grant the CPI Defendants' motion to dismiss the complaint in its entirety. (DE 13.)

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 18, 2017          s/Anthony P. Patti
                                            Anthony P. Patti
                                            UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 18, 2017, electronically and/or by U.S Mail.

                                              s/Michael Williams
                                              Case Manager for the
                                              Honorable Anthony P. Patti