UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKIAS GEBRENEGUESSE,

        Plaintiff,                    Case No. 2:16-cv-12804
                                                District Judge Robert H. Cleland
v.                                               Magistrate Judge Anthony P. Patti

DANIEL HEYNS, *et al.*,

        Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT THE PAROLE BOARD DEFENDANTS' MOTION TO DISMISS (DE 37)

**I.**     **RECOMMENDATION**: The Court should grant the Parole Board Defendants' motion to dismiss because Plaintiff's complaint fails to state a claim upon which relief can be granted.

**II.**     **REPORT**

    **A.**     **Background**

The Court set out the factual background in this case in its Opinion and Order dated April 17, 2017. (DE 52.) I incorporate the April 17, 2017 Opinion and Order and will only set out the facts necessary to dispose of the instant motion. For the purposes of this motion to dismiss, I will accept the allegations in Plaintiff's complaint as true.

Plaintiff asserts that Defendants violated his constitutional rights by forcing him into a residential substance abuse treatment ("RSAT") program while housed at the Detroit Reentry Center ("DRC") as a condition of his parole.  He argues that he was never diagnosed with a mental health or substance abuse problem and therefore should not have been remanded to RSAT.  He names as Defendants Michael Eagen and Sonia Warchock, parole board members, and Thomas Combs, the chair of the parole board (collectively "Parole Board Defendants"), Dan Heyns, the Director of the State of Michigan Department of Corrections, along with Community Programs, Inc. ("CPI") and its employees Robert McCombs and Christin McClain/Lett (collectively "CPI Defendants").

Plaintiff sues the Parole Board Defendants in their individual capacities.  He contends that Michael Eagen was a former Parole Board member and current chair of the Michigan Parole Board who was responsible for ordering Plaintiff to undergo mental health treatment during his parole.  (DE 4 at 3, ¶ 10.)[1]  According to Plaintiff, Defendant Eagen conducted his parole interview on January 21, 2013 and acknowledged that his medical assessment directed substance abuse education and not treatment.  (Id. at 6, ¶ 22.)  He asserts that Sonia Warchock was jointly

---

[1] Plaintiff timely filed his first amended complaint on October 25, 2016.  (DE 4.)  On November 15, 2016, he moved the Court for leave to file a supplemental complaint, adding Michael Eagen as a Defendant.  (DE 9-10.)  The Court granted his motion.  (DE 24.)  For the purposes of this Report and Recommendation, docket entries 4 and 10 will be referred to as Plaintiff's "first amended complaint."

responsible for the decision to mandate mental health treatment and signed his parole decision. (Id. at 4, ¶ 11.) Finally, he describes Thomas Combs as the chair of the Michigan Parole Board at the time he was paroled who was responsible for signing the parole order that mandated mental health treatment and detention at the DRC. (Id. at 4, ¶ 12.)

The Parole Board Defendants style the instant motion as one for summary judgment under Federal Rule of Civil Procedure 56, although they consistently cite to the motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6). As the motion can be determined using only the pleadings, I will construe it as a motion to dismiss.

The Parole Board Defendants assert that Plaintiff fails to state a claim upon which relief can be granted because, as Parole Board members, they are entitled to absolute immunity in their decision making. They also argue that Plaintiff's action is barred under *Heck v. Humphrey*, 512 U.S. 477, 484 (1994), because he is seeking damages for a conviction that has not been invalidated. Plaintiff opposes the motion, arguing that this action is not barred by the *Heck* doctrine because he is not attempting to attack his criminal sentence. He maintains that the Parole Board Defendants' actions violated his constitutional rights and argues that they are not entitled to immunity because they imposed a sentence of civil commitment.

**B.** **Standard**

3

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F. 3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482

4

F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### C. Discussion

Plaintiff brings his complaint under 42 U.S.C. § 1983 and makes three claims. First, he contends that being forced to undergo RSAT during his parole represented cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. Second, he asserts that his remand into RSAT was done without due process of law in violation of the Fourteenth Amendment. Finally, he posits that his freedom was unlawfully restricted while in RSAT, in violation of the Fourth Amendment. He asks the Court to declare that his constitutional rights were violated and to award monetary damages.

To establish a viable claim under § 1983, a plaintiff must establish that he or she was deprived of a right "'secured by the Constitution and the laws of the United States' by one acting under color of law." *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)). Further, "each defendant's liability must be assessed individually based on his [or her] own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010).

Plaintiff identifies each of these Defendants – Combs, Warchock, and Eagen – as either a chairperson or member of the parole board. (DE 45 at 6-8.) His

claims against them relate to their decision to grant parole conditioned upon the completion of RSAT. Specifically, he asserts that Defendant Eagen "was responsible for ordering a mental health treatment" without his consent, and Defendants Warchock and Combs were responsible for signing his parole order. (DE 4 at ¶¶ 10-12.)

"Parole board members are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers." *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (internal quotation omitted). "Likewise, those who make recommendations concerning parole also enjoy absolute immunity." *Id.* Plaintiff's claims against Combs, Warchock, and Eagan are all related to their conduct with respect to his parole. Accordingly, those individuals are entitled to absolute immunity.

Plaintiff's argument that the Parole Board Defendants are not entitled to immunity on the basis that they had him civilly committed is unavailing. Under Michigan law, the Parole Board is vested with the authority to state conditions of parole. Mich. Comp. Laws § 791.236(4). Plaintiff cites to Mich. Comp. Laws § 791.235 for the proposition that it is the jurisdiction of the Probate Court, and not the Parole Board, to set conditions of parole relating to mental health treatment. However, this section actually specifies that the "release of a prisoner shall be granted solely upon the initiative of the parole board" and that the parole board

6

"shall require mental health treatment as a special condition of parole for any parolee whom the department has determined to be a person requiring treatment[.]" Mich. Comp. Laws § 791.235(1) and (11). He also cites to § 330.2006, which refers to involuntary admissions to mental health programs. However, nothing in this provision takes authority away from the Parole Board in its ability to assign conditions of parole.

Plaintiff clearly disagrees with the Parole Board's decision to require RSAT as a condition of his parole. Individuals on parole, however, are subject to "conditions that restrict their activities substantially beyond the ordinary restrictions by law imposed on an individual citizen." *Morrissey v. Brewer*, 408 U.S. 471, 478 (1972). Moreover, "[a] federal court will not superimpose its own judgment on the exercise of the parole board's discretion. *Bricker v. Michigan Parole Bd.*, 405 F. Supp. 1340, 1344 (E.D. Mich. 1975). Here, the Parole Board made a decision to parole Plaintiff with the condition that he undergo RSAT. Requiring participation in a substance abuse program as a condition of parole is not cruel and unusual punishment in violation of the Eighth Amendment. *See, e.g., Johnson v. Owens*, 612 F. App'x 707, 718 (5th Cir. 2015) (concluding that parolee had not stated an Eighth Amendment claim where he was required to participate in therapy); *Walp v. Quarterman*, No. 3-08-cv-605, 2008 WL 5099940, at *2 (N.D. Tex. Dec. 1, 2008) ("[T]he United States Supreme Court has never issued an

opinion which holds that the Eighth Amendment can be violated by a prisoner's *release* on parole.") (emphasis in original). This Court should not second-guess the Parole Board's decision.

### D. Conclusion

In sum, Plaintiff has failed to state a claim upon which relief can be granted against the Parole Board Defendants. I recommend that the Court grant their motion to dismiss the complaint in its entirety as to these Defendants. (DE 37.)

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 24, 2017               s/Anthony P. Patti
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 24, 2017, electronically and/or by U.S. Mail.

                                    s/Michael Williams
                                    Case Manager for the
                                    Honorable Anthony P. Patti