UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKIAS GEBRENEGUESSE,

        Plaintiff,                    Case No. 2:16-cv-12804
                                            District Judge Robert H. Cleland
v.                                          Magistrate Judge Anthony P. Patti

DANIEL HEYNS, *et al.*,

        Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT DANIEL HEYNS' MOTION FOR SUMMARY JUDGMENT (DE 25)

**I.    RECOMMENDATION**: The Court should grant Defendant Heyns' motion for summary judgment because Plaintiff has failed to plead his personal involvement in the alleged constitutional violations. In the alternative, Defendant Heyns is entitled to qualified immunity.

**II.    REPORT**

    **A.    Background**

Plaintiff asserts that Defendants violated his constitutional rights by forcing him into a residential substance abuse treatment ("RSAT") program while housed at the Detroit Reentry Center ("DRC") as a condition of his parole. In his unsworn complaint, Plaintiff pleads his case pursuant to 42 U.S.C. § 1983. He was a state prisoner from December 12, 2012 to July 30, 2013 and a parolee from July 30,

2013 to October 31, 2014. He contends that, at the beginning of his incarceration, he underwent medical and psychological testing, resulting in a security assessment of Level 1, the lowest of the five possible levels. (DE 4 at ¶¶ 8 and 18.) According to Plaintiff, he also received a recommendation to undergo substance abuse education, but not treatment. (Id. at ¶ 19.) In January of 2013, Defendants Eagan and Warchock signed Plaintiff's parole decision. Some of the conditions of his parole required him to "complete theprogram.drc—Sober Living" and to "reside in/at upon your release to parole.drc—Sober Living." (Id. at ¶ 25.)

Plaintiff was processed for release on July 30, 2013. In his processing documents there was a notation that he would have to attend the Residential Substance Abuse Treatment ("RSAT"), and was "required to sign a parole order" agreeing to the same. (DE 4 at ¶¶ 31-32.) After signing, he was transported by the MDOC to the Detroit Reentry Center and, according to him, treated as a high security prisoner. (Id. at ¶ 36.) Plaintiff alleges that he was told that he could either sign a consent form for CPI or receive a parole violation. (Id. at ¶ 49.) Accordingly, he signed the form, with a notation that he was doing so "under protest[.]" (DE 4 at 25.)

Plaintiff asserts that his remand into the RSAT, instead of being released on parole, violated his constitutional rights. Specifically, he argues that Defendants' actions violated his Eighth Amendment right to be free from cruel and unusual

2

punishment, that he was deprived of his liberty without due process of law, and that he was unlawfully detained in violation of the Fourth Amendment. He seeks a declaration that Defendants' acts violated the Constitution plus monetary damages.

He has named as Defendants Michael Eagen and Sonia Warchock, parole board members, and Thomas Combs, the chair of the parole board (collectively "Parole Board Defendants"), Dan Heyns, the Director of the State of Michigan Department of Corrections, along with Community Programs, Inc. ("CPI") and its employees Robert McCombs and Christin McClain/Lett (collectively "CPI Defendants"). I have already recommended that Plaintiff's claims against the CPI Defendants and Parole Board Defendants be dismissed.

Plaintiff sues Defendant Heyns in his individual capacity, asserting that "his directives directly le[]d to the misrepresentation of Ryan Correctional Facility (a high security prison) as The Detroit Reentry Center (a community home)." (DE 4 at 3, ¶ 9.) He points to a Director's Office Memorandum, DOM2012-34R ("the memorandum") issued by Defendant Heyns, which instructed staff to treat parolees as high security prisoners when they were housed at the DRC.

Defendant Heyns filed the instant motion on February 8, 2017, asserting that he is entitled to summary judgment because Plaintiff's § 1983 claim is based on a theory of supervisory liability and that he is entitled to qualified immunity. He provides an affidavit attesting to the fact that he had no knowledge and was not

3

personally involved in the decision to parole Plaintiff and the conditions of his parole. (DE 27 at ¶ 6.)

Plaintiff opposes the motion. (DE 43.) In his unsworn response, he maintains that his due process rights were violated because he was paroled but not released into the community. He asserts that Defendant Heyns' memorandum was wrongfully issued because it led to parolees, who had been deemed to not be a threat, being treated like high security prisoners during their parole. He also contends that Defendant Heyns is not entitled to qualified immunity because his actions were not rationally related to a legitimate government interest. He provides no support, admissible or otherwise, demonstrating personal involvement by Heyns in the decision to parole Plaintiff.

### B. Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (internal citations omitted).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56 (e)(2) (providing that if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for the purposes of the motion."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts . . . .  [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted).  Summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ."

5

*Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 371, 322-23 (1986)).

### C. Discussion

#### 1. Defendant Heyns did not have personal involvement in the events underlying Plaintiff's constitutional claims.

Plaintiff pleads that Defendant Heyns "was the Director of the [S]tate of Michigan Department of Corrections," who was "legally responsible for the overall operation of the Department and each institution under its jurisdiction, including the Detroit Reentry Center." (DE 4 at ¶ 9.) The only action Plaintiff alleges that Heyns took was to issue the memorandum. (Id. at ¶ 35.)

As best as the Court can discern, Plaintiff attempts to allege a claim of supervisory liability against Heyns, by citing the directives in the memorandum that prison staff were required to follow. However, in analyzing a case under § 1983, "each defendant's liability must be assessed individually based on his [or her] own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010). "*Respondeat superior* or vicarious liability will not attach under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Instead, liability under § 1983 "'must be based on more than . . . the right to control employees.'" *Comstock v. McCrary*, 273 F.3d 693, 712-713 (6th Cir. 2002) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Specifically, the United States Court of Appeals

for the Sixth Circuit has addressed the requirements for supervisory liability to attach under § 1983 as follows:

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official *at least implicitly authorized, approved, or knowingly acquiesced* in the unconstitutional conduct of the offending officers."

*Shehee*, 199 F.3d at 300 (quoting *Hays v. Jefferson Cnty., Ky.,* 688 F.2d 869, 874 (6th Cir. 1982) (emphasis added)); *see also Siggers v. Campbell*, 652 F.3d 681, 695 (6th Cir. 2011) (upholding the dismissal of a prison warden for lack of personal involvement even where the warden may have applied a prison policy incorrectly); *Sanders v. Mich. Dept' of Corr.*, 2011 WL 4852269, at *3 (E.D. Mich. Oct. 12, 2011) (dismissing § 1983 claims against Heyns where the plaintiff did not "allege any facts which indicate that Director Heyns personally or intentionally violated his constitutional rights."). Here, Plaintiff does not plead any facts indicating that Defendant Heyns authorized, approved, or knowingly acquiesced in any potentially unconstitutional conduct, let alone provide any evidence to indicate such involvement.[1] Further, Defendant Heyns has provided a sworn affidavit in which he avers that he had "no knowledge of, and was not

---

[1] Nor did his proposed amended complaint, filed on February 24, 2017 and rejected by this Court, cure this defect. (*See* DE 52 at 10.)

personally involved in . . . any decision to parole Plaintiff . . . [and] any conditions of parole[.]" (DE 27 at ¶ 6.)

Construing Plaintiff's complaint and response in the light most favorable to him, he may be attempting to assert a policy theory of liability against Defendant Heyns. Where a plaintiff takes issue with a policy implemented by a decision maker, § 1983 liability attaches only where the "official policy [] inflicts the injury" complained of by the plaintiff. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). The memorandum at issue in this matter addresses the conversion of the Ryan Correctional Facility, a correctional facility, to the DRC, which was to "house parolees who are required, as a special condition of parole, to participate in and satisfactorily complete residential reentry programming [.]" (DE 4 at 23.) Plaintiff concedes that his parole decision was signed by Defendant Eagen, not Defendant Heyns. (DE 4 at ¶ 23.) He further concedes that his conditions of parole required that he complete a sober living program. He has not made any showing that the policy implemented as part of the memorandum, namely the creation of an institution to house parolees whose parole conditions required treatment programs and those who violate parole, caused his injury. Instead, he takes issue with the application of the policy to himself, arguing that he did not *need* such a program. (*See, e.g.,* DE 4 at 19, 27, 32, 45, and 50.) Nor does he make any showing that the security level addressed in the

memorandum inflicted cruel or unusual punishment or deprived him of another constitutional right. *See, e.g., Howard v. Grinage*, 6 F.3d 410, 412 (6th Cir. 1993) (recognizing that "prison inmates have no inherent due process right to have their security level downgraded[.]"). Accordingly, Plaintiff has failed to demonstrate that Defendant Heyns was personally involved in the conduct Plaintiff deems unconstitutional sufficient to state a claim under §1983.

### 2. In the alternative, Defendant Heyns is entitled to qualified immunity.

"Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known.'" *Phillips v. Roane Cnty.,* 534 F.3d 531, 538 (6th Cir.2008) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). The Court conducts a two-step analysis in assessing qualified immunity. First, the Court determines whether "the violation of a constitutional right has occurred" and second, whether the "constitutional right at issue was clearly established at the time of defendant's alleged misconduct." *Grawey v. Drury*, 567 F.3d 302, 309 (6th Cir. 2009). During the analysis, the Court must view the facts in the light most favorable to the plaintiff. *Id.* The Sixth Circuit recently laid out the Court's analysis of qualified immunity as follows:

9

> To deny qualified immunity, the court need not conclude that the inferences drawn by the Plaintiff are the only reasonable inferences that could be drawn, but must simply find that the inferences drawn are reasonable and not blatantly contradicted.

*Harris v. Lasseigne*, 602 F. App'x 218, 222 (6th Cir. 2015). "Once the qualified immunity defense is raised, the burden is on the plaintiff to demonstrate that the officials are not entitled to qualified immunity." *Moldowan v. City of Warren,* 578 F.3d 351, 375 (6th Cir. 2009).

Plaintiff asserts three constitutional violations in his complaint. First, he contends that Defendants violated his rights under the Eighth Amendment because he was unlawfully imprisoned and forced to undergo "unwarranted mental intrusions that were cruel and unusual." (DE 4 at ¶¶ 70-76.) Second, he asserts that his due process rights were violated because he was confined to the DRC during parole without due process. (Id. at ¶¶ 77-82.) Finally, he posits that his Fourth Amendment rights were violated when he was intentionally restricted to the residential treatment facility while on parole. (Id. at ¶¶ 58-62.) However, Plaintiff has not demonstrated that any of his constitutional rights were violated, thereby entitling Defendant Heyns to qualified immunity.

### a. Eighth Amendment

As best as the Court can discern, Plaintiff contends that the condition of his parole that required him to undergo RSAT at the DRC, represented cruel and unusual punishment in violation of the Eighth Amendment. However, the

Supreme Court has explained that "probationers do not enjoy the absolute liberty to which every citizen is entitled," *United States v. Knights*, 534 U.S. 112, 119 (2001), and "parolees enjoy even less of the average citizen's absolute liberty than do probationers." *Samson v. California*, 547 U.S. 843, 850 (2006). Requiring participation in a substance abuse program as a condition of parole is not cruel and unusual punishment in violation of the Eighth Amendment. *See, e.g., Johnson v. Owens*, 612 F. App'x 707, 718 (5th Cir. 2015) (concluding that parolee had not stated an Eighth Amendment claim where he was required to participate in therapy); *Walp v. Quarterman*, No. 3-08-cv-605, 2008 WL 5099940, at *2 (N.D. Tex. Dec. 1, 2008) ("[T]he United States Supreme Court has never issued an opinion which holds that the Eighth Amendment can be violated by a prisoner's *release* on parole.") (emphasis in original). Accordingly, there is no evidence of a constitutional violation under the Eighth Amendment.

### b. Fourteenth Amendment

The Supreme Court has explained that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Further, "the Michigan parole scheme does not create an expectation regarding parole that is sufficient to trigger a constitutionally protected liberty interest." *Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2014);

*see also, e.g., Glover v. Parole Bd.*, 596 N.W. 2d 598 (Mich. 1999) (concluding that there is no liberty interest in parole for prisoners under the Michigan parole system); *Reno v. Koray*, 515 U.S. 50, 64 (1995) (concluding that time spent at a community treatment center while released on bail was not "official detention."). As such, Plaintiff's parole-based claims are insufficient to create a liberty interest, which in turn, dooms his due process claims.

### c. Fourth Amendment

Finally, Plaintiff argues that he was unlawfully detained at DRC in violation of his Fourth Amendment rights. However, as noted above, Plaintiff did not have a liberty interest in being released on parole. Nor does he claim that the treatment program caused him to remain in prison for longer than his sentence. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Further, his "status as a parolee, an established variation on imprisonment," generally demonstrates that he has a lower expectation of privacy for Fourth Amendment purposes. *Samson v. California*, 547 U.S. 843, 852 (2006). Applying the foregoing, Plaintiff has not demonstrated, or even raised, a constitutional deprivation under the Fourth Amendment.

### D. <u>Conclusion</u>

Defendant Heyns' motion for summary judgment should be granted because Plaintiff has failed to allege his personal involvement sufficient to make a claim

under § 1983.  In the alternative, Defendant Heyns' motion should be granted because he is entitled to qualified immunity.

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.


Dated: April 26, 2017           s/Anthony P. Patti
                                Anthony P. Patti
                                UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on April 26, 2017, electronically and/or by U.S. Mail.


                                s/Michael Williams
                                Case Manager for the
                                Honorable Anthony P. Patti