# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MIKIAS GEBRENEGUESSE,

    Plaintiff,

  v.                                                            Case No. 16-12804

DANIEL HEYNS, et al.,

    Defendants.

                                              /

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS;
(2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; AND
(3) GRANTING DEFENDANT HEYNS'S MOTION TO DISMISS**

Plaintiff Mikias Gebreneguesse brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. In his amended complaint, Plaintiff alleges that Defendants violated his civil rights by forcing him to undergo a residential substance abuse treatment program ("RSAT") at the Detroit Reentry Center ("DRC"), as a condition of his parole. (Dkt. # 4.) Defendant Daniel Heyns, Director of the Michigan Department of Corrections, has filed a motion for summary judgment. (Dkt. # 25.) Now before the court is the report and recommendation of United States Magistrate Judge Anthony P. Patti, to whom all pre-trial matters were referred by this court pursuant to 28 U.S.C. § 636(b)(1)(B), recommending that the motion be granted. (Dkt. # 55.) Plaintiff has filed timely objections to the report and recommendation (Dkt. # 59), which have been fully briefed (Dkt. ## 60, 64.)

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See United States v. Raddatz*, 447

U.S. 667, 673 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This *de novo* review requires this court to examine the relevant pleadings and such evidence as may have been submitted in support of the motions. A failure to file objections, or a failure to file *specific* objections, constitutes a waiver of any further right to appeal. *Thomas v. Arn*, 474 U.S. 140, 145-46 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Howard v. Sec'y of HHS*, 932 F.2d 505, 506 (6th Cir. 1991).

In order for this court to apply meaningful *de novo* review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment (or response to the other party's dispositive motion). The court treats insufficient objections to a magistrate judge's analysis as an unavailing general objection. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

Plaintiff first objects to the magistrate judge's finding that Defendant Heyns was not personally involved in the events underlying Plaintiff's constitutional claims, arguing that Defendant Heyns directed the conversion of the Ryan Correctional Facility of the DRC and "directed the facility to operate as a high security prison and to add parolees[.]" (Dkt. # 59, PG. ID 569.) As the magistrate judge correctly explained, a plaintiff asserting a cause of action under § 1983 must show that each defendant's individual actions violated his constitutional rights. *See Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015); *Marcillis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (citing *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). "*Respondeat superior* or vicarious liability will not attach under § 1983." *City of Canton, Ohio v. Harris*, 469 U.S.

2

378, 385 (1989). The mere existence of the policy or directive, standing alone, does not show personal involvement by Defendant Heyns in Plaintiff's alleged constitutional violations. *See id.*

Defendant Heyns has submitted a sworn affidavit stating he has no knowledge of and was not personally involved in "any decision to parole Plaintiff; any condition of parole; or to require Plaintiff to undergo Residential Substance Abuse Treatment (RSAT) at the Detroit Reentry Center (DRC); or then in the treatment provided to him, as a condition of his parole." (Dkt. # 25-2, Pg. ID 211.) Plaintiff has pointed to nothing in the record that contradicts the affidavit. Accordingly, the court finds that the magistrate judge correctly found no dispute that Defendant Heyns was not personally involved in Plaintiff's alleged constitutional injuries.

To the extent Plaintiff seeks to use Defendant Heyns's directive to make out a policy theory of liability against Defendant Heyns, that attempt must also fail as explained by the magistrate judge. The complained-of policy must "inflict the injury[,]" *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). But Plaintiff's allegations take issue only with the application of the policy to him—not the policy itself. (*See* Dkt. # 55, Pg. ID 522 (collecting examples).)

Finally, Plaintiff's objection relies on the notion that he was "released" and subsequently taken back into custody or re-incarcerated. But under Michigan statute, as he had not served his entire sentence, he was not released. *See* Mich. Comp. Laws § 791.238(6) ("A parole shall be construed as a permit to the prisoner to leave the prison, and not as a release.") The mere fact that Plaintiff expected to be paroled to the community at large, rather than having his parole conditioned on completion of a

3

program at an in-patient facility—even in some ways indistinguishable from a prison itself—does not create a protected liberty interest and does not equate to being released and re-incarcerated. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 238 (6th Cir. 1991) ("Transfer to a pre-release center may buttress an inmate's subjective expectation that he will be released on parole, but such a transfer obviously cannot create a legitimate claim of entitlement to release."); see also *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 799 (W.D. Mich. 2012) ("Plaintiff was not entitled to freedom of movement outside of prison except under the conditions set by the parole board.") (citing Mich. Comp. Laws § 91.238(6)).

Plaintiff next objects that the magistrate judge erred in concluding that he had failed to show an Eighth Amendment claim, because "placing parolees that require treatment in a prison . . . is cruel and unusual[.]" (Dkt. # 58, Pg. ID 558.) Plaintiff relies on his contention that Michigan statute requires "community treatment" rather than the prison-like conditions he was allegedly subject to at the DRC. (*Id.*) But Plaintiff does not explain how being paroled into essentially prison conditions amounts to cruel and unusual punishment, and the court has found no prior cases to support Plaintiff's claim. *But see Johnson v. Owens*, 612 F. App'x 707, 718 (5th Cir. 2015) (concluding that parolee had not stated an Eighth Amendment claim where he was required to participate in therapy); *Walp v. Quarterman*, 2008 WL 5099940, at *2 (N.D. Tex. Dec. 1, 2008) ("[T]he United States Supreme Court has *never* issued an opinion which holds that the Eighth Amendment can be violated by a prisoner's release on parole.") (emphasis in original).

4

Third, Plaintiff objects to the magistrate judge's reasoning regarding his 14th Amendment claim. Plaintiff's objection again rests on his contention that he was released and then re-incarcerated because of Defendant Heyns's policy directive. (Dkt. # 58, Pg. ID 559-62.) Plaintiff's own proffered evidence—attached to his amended complaint—shows that the RSAT condition was introduced before he was processed for release. (*See* Dkt. # 4, Pg. ID 80.) The court agrees with the magistrate judge that Plaintiff has no protected liberty interest in being paroled, or in a particular level of freedom. *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2014) (finding no protected interest in being paroled under Michigan's parole scheme); *Glover v. Parole Bd.*, 596 N.W. 2d 598 (Mich. 1999) (same). The magistrate judge's citation to *Reno v. Koray*, 515 U.S. 50, 64 (1995) (concluding that time spent at a community treatment center while released on bail was not "official detention.") is not inconsistent. *Reno* simply suggests that Plaintiff was not entirely denied a parole formally granted to him by the mere fact that he was restricted to a treatment facility.

Finally, Plaintiff's objection that he stated a Fourth Amendment claim because Defendant Heyns "ordered the detainment and reclassification of a released parolee" (Dkt. # 58, Pg. ID 562) similarly fail. As discussed above, Plaintiff was not a released parolee, and Plaintiff has provided nothing to suggest Defendant Heyns in fact ordered his detainment or reclassification.

The court has read the magistrate judge's report and recommendation, and finds it to be well-reasoned, thorough, and correct. Accordingly,

IT IS ORDERED that Plaintiff's objections (Dkt. # 58) are OVERRULED, the report and recommendation (Dkt. # 55) is ADOPTED in its entirety and incorporated by reference.

IT IS FURTHER ORDERED that Defendant Heyns's motion for summary judgment (Dkt. # 25) is GRANTED.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2017, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\16-12804.GEBRENEGUSSE.R&R.Parole.Board.TLH.docx