**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MIKIAS GEBRENEGUESSE,

    Plaintiff,

v.                                                        Case No. 16-12804

DANIEL HEYNS, et al.,

    Defendants.

                                                   /

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS;
(2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; AND
(3) GRANTING PAROLE BOARD DEFENDANTS' MOTION TO DISMISS**

Plaintiff Mikias Gebreneguesse brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff names parole board members Michael Eagen and Sonia Warchock, as well as parole board chair Thomas Combs, all in their individual capacities (collectively "Parole Board Defendants") as Defendants, among others. In his amended complaint, Plaintiff alleges that Defendants violated his civil rights by forcing him to undergo a residential substance abuse treatment program ("RSAT") at the Detroit Reentry Center ("DRC"), as a condition of his parole. (Dkt. # 4.) Parole Board Defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] (Dkt. # 37.) Now before the court is the report and recommendation of United States Magistrate Judge Anthony P. Patti, to whom all pre-trial matters were referred by

---

[1] Parole Board Defendants styled their motion as a motion for summary judgment. (*See* Dkt. # 37.) However, the magistrate judge observed that Defendants' motion consistently referred to the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and could be resolved without looking beyond the pleadings; accordingly, the magistrate judge opted to construe it as a motion to dismiss. (Dkt. # 54, P.g ID 508.) This court will do likewise, for the same reasons.

this court pursuant to 28 U.S.C. § 636(b)(1)(B), recommending that the motion be granted. (Dkt. # 54.) Plaintiff has filed timely objections to the report and recommendation (Dkt. # 57), which have been fully briefed (Dkt. ## 62, 65.)

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This *de novo* review requires this court to examine the relevant pleadings and such evidence as may have been submitted in support of the motions. A failure to file objections, or a failure to file *specific* objections, constitutes a waiver of any further right to appeal. *Thomas v. Arn*, 474 U.S. 140, 145-46 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Howard v. Sec'y of HHS*, 932 F.2d 505, 506 (6th Cir. 1991).

In order for this court to apply meaningful *de novo* review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment (or response to the other party's dispositive motion). The court treats insufficient objections to a magistrate judge's analysis as an unavailing general objection. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

The magistrate judge found that Plaintiff's claims stemmed from Parole Board Defendants' decision to grant parole conditioned upon Plaintiff's completion of RSAT. (Dkt. # 54, Pg. ID 510-13.) As a result, the magistrate judge concluded Plaintiff's claims are barred against Parole Board Defendants by the well-settled doctrine that "[p]arole

2

board members are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision[-]making powers." *Horton v. Martin*, 137 Fed. App'x 773, 775 (6th Cir. 2005) (internal quotation omitted). The court agrees.

Plaintiff's first objection, contending that the parole board cannot condition a grant of parole on mental health treatment without a medical judgment by the bureau of health care services, is misguided. (*See* Dkt. # 57, Pg. ID 545-46.) But under Michigan statute, all decisions to release a prisoner on parole "shall be granted solely upon the initiative of the parole board." Mich. Comp. Laws § 791.235(1). Thus, the decision to grant Plaintiff's parole with this particular condition is indisputably an "exercise of [Parole Board Defendants'] decision[-]making powers." *Horton*, Fed. App'x at 775. Moreover, even assuming Plaintiff is correct that his parole was granted under the "person[s] requiring treatment" provision, the statute explicitly provides that the determination of whether someone is a "person requiring treatment" under the mental health code is the department of corrections—which includes the parole board. *See* Mich. Comp. Laws § 791.235(11).

Plaintiff's second objection—that the probate court must order mental health treatment for plaintiff's parole to be conditioned on it—is overruled for the same reason. Even assuming Plaintiff is correct regarding civil commitment procedure in Michigan, the decision to grant parole with or without a given condition is an exercise of the parole board's decision-making power for which Parole Board Defendants are absolutely immune from liability under *Horton*, 137 Fed. App'x at 775. In any event, § 791.235(22) requires the parole board to include mental health treatment as a "special condition of parole" without regard for the outcome of the probate court petition.

As the court has determined that Plaintiff's claims against Parole Board Defendants are barred by absolute immunity, the court need not address Plaintiff's final objection. The court has read the magistrate judge's report and recommendation, and finds it to be well-reasoned, thorough, and correct. Accordingly,

IT IS ORDERED that Plaintiff's objections (Dkt. # 57) are OVERRULED, the report and recommendation (Dkt. # 54) is ADOPTED in its entirety and incorporated by reference.

IT IS FURTHER ORDERED that Parole Board Defendants' motion to dismiss (Dkt. # 37) is GRANTED.

                                                      s/Robert H. Cleland                  /
                                                     ROBERT H. CLELAND
                                                     UNITED STATES DISTRICT JUDGE

Dated: August 9, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 9, 2017, by electronic and/or ordinary mail.

                                                     s/Lisa Wagner                      /
                                                     Acting in the Absence of Lisa Wagner
                                                     Case Manager and Deputy Clerk
                                                     (810) 292-6522