UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKIAS GEBRENEGUESSE,

    Plaintiff,

  v.                                                                   Case No. 16-12804

DANIEL HEYNS, et al.,

    Defendants.
                                                     /

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS;
(2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; AND
(3) GRANTING CPI DEFENDANTS' MOTION TO DISMISS**

Plaintiff Mikias Gebreneguesse brings this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that Defendants violated his civil rights by forcing him to undergo a residential substance abuse treatment program ("RSAT") at the Detroit Reentry Center ("DRC"), as a condition of his parole. (Dkt. # 4.) Defendants Community Programs, Inc., Christin McClain/Lett, and Robert McCombs ("CPI Defendants") filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. # 13.)

Now before the court is the report and recommendation of United States Magistrate Judge Anthony P. Patti, (Dkt. # 53.) to whom all pre-trial matters were referred by this court pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. # 15.) The magistrate judge recommends granting the motion to dismiss, finding that Plaintiff has failed to sufficiently allege that CPI Defendants acted under color of state law, and failed to allege facts to show that how each CPI Defendant took part in the decisions upon which Plaintiff bases his constitutional claims. (Dkt. # 53, Pg. ID 493, 497-503.) Plaintiff filed

timely objections to the report and recommendation (Dkt. # 56), and the CPI Defendants have filed a response (Dkt. # 61).

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This *de novo* review requires this court to examine the relevant pleadings and such evidence as may have been submitted in support of the motions. A failure to file objections, or a failure to file *specific* objections, constitutes a waiver of any further right to appeal. *Thomas v. Arn*, 474 U.S. 140, 145-46 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Howard v. Sec'y of HHS*, 932 F.2d 505, 506 (6th Cir. 1991).

In order for this court to apply meaningful *de novo* review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment (or response to the other party's dispositive motion). The court treats insufficient objections to a magistrate judge's analysis as an unavailing general objection. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that he violation was committed by a person acting under color of state law." *Wershe v. Combs*, 763 F.3d 500, 504-05 (6th Cir. 2014). The Sixth Circuit has provided three "tests" to determine whether private parties, such as CPI Defendants, acted "under color of state

law" for the purposes of liability under § 1983: (1) the public function test, (2) the state compulsion test, and (3) the nexus test. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). Plaintiff contends that the magistrate judge erred in finding that the pleadings were insufficient to meet the public function test and state a plausible claim against CPI Defendants.

Plaintiff firsts objects that the magistrate judge erred by failing to consider *West v. Atkins*, 487 U.S. 42, 43-44 (1988), and *Carl v. Muskegon Cnty.*, 763 F.3d 592, 594-95 (6th Cir. 2014) when finding that Plaintiff had not met the public function test. (Dkt. # 56, Pg. ID 532-33.) Both cases concern Eighth Amendment claims regarding the failure to provide adequate medical care to incarcerated individuals by private doctors working within the jail or prison. *Atkins*, 487 U.S. at 56; *Carl*, 763 F.3d 594-95. In such cases, the private parties perform the state's constitutionally-mandated function of "provid[ing] adequate medical care to those whom it has incarcerated." *Atkins*, 487 U.S. at 56 (citing *Estell v. Gamble*, 429 U.S. 97, 104 (1976)).

Plaintiff does not allege that CPI Defendants perform the state's constitutionally-mandated function of providing adequate medical care to the incarcerated, or that he was denied adequate medical care by CPI Defendants while at the DRC. The only connection between CPI Defendants and the defendants *West* and *Carl* that appears in the amended complaint is Plaintiff's allegation that CPI Defendants provide mental health services. As the magistrate judge correctly notes, courts of this district have repeatedly declined to hold the addiction counseling services provided by CPI Defendants to be an exclusive state function for the purposes of the public function test. *See Roberts v. Paige*, No. 10-13743, 2013 WL 5435201, at *2, 6-7 (E.D. Mich. Sept. 27,

3

2013); *Blair v. Michigan Dep't of Corr.*, No. 12-13661, 2012 WL 5511763, at *2 (E.D. Mich. Nov. 14, 2012); *Bagwell v. Community Programs, Inc.*, No. 11-10796, 2011 WL 1447543, at *1 (E.D. Mich. April 12, 2011). This court concurs, for the reasons identified by the magistrate judge. (*See id.* at 498.) Thus, Plaintiff's first objection fails.

Plaintiff's objections provide no other basis on which to find that CPI Defendants acted under color of state law, a necessary component of any claim under 42 U.S.C. § 1983. *See Wershe*, 763 F.3d at 504-05. As a result, the court need not, and will not, address Plaintiff's remaining objections. The court has read the report and recommendation, and agrees that the pleadings, construed in the light most favorable to Plaintiff, do not allege that CPI Defendants acted under color of state law and, therefore, do not state a plausible § 1983 claim against CPI Defendants. Accordingly,

IT IS ORDERED that Plaintiff's objections (Dkt. # 56) are OVERRULED. The portion of the magistrate judge's report and recommendation discussing whether CPI Defendants acted under color of state law (Dkt. # 53, Pg. ID 497-501) is ADOPTED and incorporated by reference.

IT IS FURTHER ORDERED that CPI Defendants' motion to dismiss (Dkt. # 13) is GRANTED.

                         s/Robert H. Cleland
                         ROBERT H. CLELAND
                         UNITED STATES DISTRICT JUDGE

Dated: August 9, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 9, 2017, by electronic and/or ordinary mail.

                         s/Julie Owens
                         Acting in the absence of Lisa Wagner
                         Case Manager and Deputy Clerk
                         (810) 292-6522